#18

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 1981CV01778

BRAD O'BRIEN, PERSONAL REPRESENTATIVE
OF THE ESTATE OF MELISSA ALLEN,
                    Plaintiff,
V.
FERNANDO ROCA, M.D.,
LOWELL GENERAL HOSPITAL,
LUCIA MODESTI, M.D.,
MELANIE RODRIGUEZ, R.N., AND
REBECCA GABRYJELSKI, R.N.,
                    Defendants.

## *AMENDED COMPLAINT*

### Count I.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Fernando Roca, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Fernando Roca, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Fernando Roca, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Fernando Roca, M.D., including, but not limited to the following:

1

a. Defendant's misrepresentations to the plaintiff's decedent that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 7/26/16;

b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 7/26/16, and his failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Fernando Roca, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count II.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count I above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Fernando Roca, M.D., the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Fernando Roca, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count III.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Fernando Roca, M.D., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Fernando Roca, M.D., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Fernando Roca, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Fernando Roca, M.D., or by the gross negligence of the defendant on or about 7/26/16.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Fernando Roca, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count IV.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count III above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Fernando Roca, M.D., the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Fernando Roca, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count V.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, the defendant, Fernando Roca, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Fernando Roca, M.D., expressly and impliedly warranted to the plaintiff's decedent that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 7/26/16, the defendant, Fernando Roca, M.D., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty, which breach resulted in the death of Melissa Allen.

5. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Fernando Roca, M.D.'s breach of express and implied warranties.

6. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Fernando Roca, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count VI.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count V above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Fernando Roca, M.D., the plaintiff's decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Fernando Roca, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count VII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count I above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 7/26/16, the defendant, Fernando Roca, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 7/26/16, the defendant, Fernando Roca, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Fernando Roca, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Fernando Roca, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

8. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Fernando Roca, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count VIII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Eight of Count VII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the defendant, Fernando Roca, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Fernando Roca, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count IX.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Lowell General Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 295 Varnum Avenue, Lowell, MA 01854 in Middlesex County, Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Lowell General Hospital, by its agents, servants, or employees, represented and held itself out to be a medicine, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that it was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Lowell General Hospital, by its agents, servants, or employees, who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Lowell General Hospital, by its agents, servants, or employees, including, but not limited to the following:

    a. Defendant's misrepresentations to the plaintiff's decedent that it was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 7/26/16;

    b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 7/26/16, and its failure to prescribe proper and timely treatment for said condition;

    c. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

    d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing its specialty;

    e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition; and

    f. Defendant's failure to exercise reasonable care in hiring, supervising, employing and/or continuing to employ its agents, servants, or employees.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lowell General Hospital, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count X.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count IX above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Lowell General Hospital, by its agents, servants, or employees, the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lowell General Hospital, in an amount to be determined by a jury, together with interest and costs.

## Count XI.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Lowell General Hospital, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 295 Varnum Avenue, Lowell, MA 01854, in Middlesex County, Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Lowell General Hospital, by its agents, servants, or employees, represented and held itself out to be a medicine, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that it was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Lowell General Hospital, by its agents, servants, or employees, who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Lowell General Hospital, by its agents, servants, or employees, or by the gross negligence of the defendant on or about 7/26/16.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lowell General Hospital, for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XI above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Lowell General Hospital, by its agents, servants, or employees, the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lowell General Hospital, for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XIII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count IX above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, the defendant, Lowell General Hospital, by its agents, servants, or employees, contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Lowell General Hospital, by its agents, servants, or employees, expressly and impliedly warranted to the plaintiff's decedent that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4. On or about 7/26/16, the defendant, Lowell General Hospital, by its agents, servants, or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty, which breach resulted in the death of Melissa Allen.

5. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Lowell General Hospital's breach of express and implied warranties.

6. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lowell General Hospital, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XIV.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XIII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Lowell General Hospital, by its agents, servants, or employees, the plaintiff's decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lowell General Hospital, in an amount to be determined by a jury, together with interest and costs.

## Count XV.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count IX above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 7/26/16, the defendant, Lowell General Hospital, by its agents, servants, or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 7/26/16, the defendant, Lowell General Hospital, by its agents, servants, or employees, did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Lowell General Hospital, by its agents, servants, or employees, had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Lowell General Hospital, by its agents', servants', or employees' failure to obtain the informed consent of the plaintiff's decedent.

8. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lowell General Hospital, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XVI.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Eight of Count XV above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the defendant, Lowell General Hospital, by its agents', servants', or employees' failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lowell General Hospital, in an amount to be determined by a jury, together with interest and costs.

## Count XVII.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Lucia Modesti, M.D., was at all times relevant to this complaint a physician licensed to practice her profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Lucia Modesti, M.D., represented and held herself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Lucia Modesti, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

11

6. The death of Melissa Allen and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Lucia Modesti, M.D., including, but not limited to the following:

   a. Defendant's misrepresentations to the plaintiff's decedent that she was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 7/26/16;

   b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 7/26/16, and her failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable medical and diagnostic services;

   d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing her specialty; and

   e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lucia Modesti, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XVIII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XVII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Lucia Modesti, M.D., the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lucia Modesti, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XIX.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Lucia Modesti, M.D., was at all times relevant to this complaint a physician licensed to practice her profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Lucia Modesti, M.D., represented and held herself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Lucia Modesti, M.D., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Lucia Modesti, M.D., or by the gross negligence of the defendant on or about 7/26/16.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lucia Modesti, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XX.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XIX above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Lucia Modesti, M.D., the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lucia Modesti, M.D., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXI.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XVII above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, the defendant, Lucia Modesti, M.D., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's medical care and treatment.

3. The defendant, Lucia Modesti, M.D., expressly and impliedly warranted to the plaintiff's decedent that she would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing her specialty.

4. On or about 7/26/16, the defendant, Lucia Modesti, M.D., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing her specialty, which breach resulted in the death of Melissa Allen.

5. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Lucia Modesti, M.D.'s breach of express and implied warranties.

6. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lucia Modesti, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXI above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Lucia Modesti, M.D., the plaintiff's decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lucia Modesti, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XXIII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XVII above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 7/26/16, the defendant, Lucia Modesti, M.D., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 7/26/16, the defendant, Lucia Modesti, M.D., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Lucia Modesti, M.D., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Lucia Modesti, M.D.'s failure to obtain the informed consent of the plaintiff's decedent.

8. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lucia Modesti, M.D., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXIV.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Eight of Count XXIII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the defendant, Lucia Modesti, M.D.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Lucia Modesti, M.D., in an amount to be determined by a jury, together with interest and costs.

## Count XXV.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Melanie Rodriguez, R.N., was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Melanie Rodriguez, R.N., represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Melanie Rodriguez, R.N., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Melanie Rodriguez, R.N., including, but not limited to the following:

16

    a.  Defendant's misrepresentations to the plaintiff's decedent that she was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 7/26/16;

    b.  Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 7/26/16, and her failure to prescribe proper and timely treatment for said condition;

    c.  Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable nursing services;

    d.  Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty; and

    e.  Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

7.  The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Melanie Rodriguez, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXVI.

1.  The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXV above, as if expressly rewritten and set forth herein.

2.  This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3.  As the direct and proximate result of the carelessness and negligence of the defendant, Melanie Rodriguez, R.N., the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Melanie Rodriguez, R.N., in an amount to be determined by a jury, together with interest and costs.

## Count XXVII.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Melanie Rodriguez, R.N., was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Melanie Rodriguez, R.N., represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Melanie Rodriguez, R.N., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Melanie Rodriguez, R.N., or by the gross negligence of the defendant on or about 7/26/16.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Melanie Rodriguez, R.N., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXVIII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXVII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Melanie Rodriguez, R.N., the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

18

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Melanie Rodriguez, R.N., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXIX.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXV above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, the defendant, Melanie Rodriguez, R.N., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's nursing care and treatment.

3. The defendant, Melanie Rodriguez, R.N., expressly and impliedly warranted to the plaintiff's decedent that she would perform and render said professional services in accordance with accepted standards for the practice of nursing, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

4. On or about 7/26/16, the defendant, Melanie Rodriguez, R.N., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty, which breach resulted in the death of Melissa Allen.

5. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Melanie Rodriguez, R.N.'s breach of express and implied warranties.

6. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Melanie Rodriguez, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXX.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXIX above, as if expressly rewritten and set forth herein.

2.  This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3.  As the direct and proximate result of the breach of express and implied warranties by the defendant, Melanie Rodriguez, R.N., the plaintiff's decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Melanie Rodriguez, R.N., in an amount to be determined by a jury, together with interest and costs.

## Count XXXI.

1.  The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXV above, as if expressly rewritten and set forth herein.

2.  On or about 7/26/16, average qualified members of the nursing profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3.  On or about 7/26/16, the defendant, Melanie Rodriguez, R.N., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4.  On or about 7/26/16, the defendant, Melanie Rodriguez, R.N., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5.  If the defendant, Melanie Rodriguez, R.N., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

6.  The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7.  The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Melanie Rodriguez, R.N.'s failure to obtain the informed consent of the plaintiff's decedent.

8.  The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Melanie Rodriguez, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXXII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Eight of Count XXXI above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the defendant, Melanie Rodriguez, R.N.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Melanie Rodriguez, R.N., in an amount to be determined by a jury, together with interest and costs.

## Count XXXIII.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Rebecca Gabryjelski, R.N., was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Rebecca Gabryjelski, R.N., represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Rebecca Gabryjelski, R.N., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Rebecca Gabryjelski, R.N., including, but not limited to the following:

    a. Defendant's misrepresentations to the plaintiff's decedent that she was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's decedent's medical condition on or about 7/26/16;

    b. Defendant's failure to adequately and properly diagnose the plaintiff's decedent's medical condition on or about 7/26/16, and her failure to prescribe proper and timely treatment for said condition;

    c. Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff's decedent, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff's decedent with acceptable nursing services;

    d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty; and

    e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's decedent's condition and failure to inform and to warn about the treatment of said condition.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Rebecca Gabryjelski, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXXIV.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXXIII above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the carelessness and negligence of the defendant, Rebecca Gabryjelski, R.N., the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Rebecca Gabryjelski, R.N., in an amount to be determined by a jury, together with interest and costs.

## Count XXXV.

1. The plaintiff, Brad O'Brien, is the duly appointed Personal Representative of the Estate of Melissa Allen and is a resident of Tyngsboro, Middlesex County, Massachusetts.

2. The defendant, Rebecca Gabryjelski, R.N., was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts.

3. This action is brought to recover for the wrongful death of Melissa Allen for the benefit of her next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4. At all times relevant to this complaint, the defendant, Rebecca Gabryjelski, R.N., represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff's decedent that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's decedent's condition on or about 7/26/16.

5. On or about 7/26/16, the plaintiff's decedent submitted herself to the care and treatment of the defendant, Rebecca Gabryjelski, R.N., who negligently, carelessly, and without regard for the plaintiff's decedent's health and well-being, treated the plaintiff's decedent in a manner resulting in the plaintiff's decedent's death on 8/6/16.

6. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Rebecca Gabryjelski, R.N., or by the gross negligence of the defendant on or about 7/26/16.

7. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Rebecca Gabryjelski, R.N., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXXVI.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXXV above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the malicious, willful, wanton or reckless conduct of the defendant, Rebecca Gabryjelski, R.N., the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

23

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Rebecca Gabryjelski, R.N., for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs.

## Count XXXVII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXXIII above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, the defendant, Rebecca Gabryjelski, R.N., contracted with the plaintiff's decedent to provide professional services related to the plaintiff's decedent's nursing care and treatment.

3. The defendant, Rebecca Gabryjelski, R.N., expressly and impliedly warranted to the plaintiff's decedent that she would perform and render said professional services in accordance with accepted standards for the practice of nursing, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

4. On or about 7/26/16, the defendant, Rebecca Gabryjelski, R.N., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty, which breach resulted in the death of Melissa Allen.

5. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Rebecca Gabryjelski, R.N.'s breach of express and implied warranties.

6. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Rebecca Gabryjelski, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XXXVIII.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXXVII above, as if expressly rewritten and set forth herein.

24

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the breach of express and implied warranties by the defendant, Rebecca Gabryjelski, R.N., the plaintiff's decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Rebecca Gabryjelski, R.N., in an amount to be determined by a jury, together with interest and costs.

## Count XXXIX.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Six of Count XXXIII above, as if expressly rewritten and set forth herein.

2. On or about 7/26/16, average qualified members of the nursing profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

3. On or about 7/26/16, the defendant, Rebecca Gabryjelski, R.N., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff's decedent.

4. On or about 7/26/16, the defendant, Rebecca Gabryjelski, R.N., did not inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent.

5. If the defendant, Rebecca Gabryjelski, R.N., had informed the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff's decedent, neither the plaintiff's decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff's decedent and a reasonable person in her position as to whether to undergo the defendant's choice of treatment.

7. The death of Melissa Allen and the damage to her estate, including, but not limited to her funeral and burial expenses, were the direct and proximate result of the defendant, Rebecca Gabryjelski, R.N.'s failure to obtain the informed consent of the plaintiff's decedent.

8. The plaintiff did not know or discover, nor could he in the exercise of reasonable diligence have known or discovered, the factual basis for any claim or that the decedent may have been harmed by the defendant's conduct until on or after 9/6/17, which is less than two (2) years from the filing of the original Complaint.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Rebecca Gabryjelski, R.N., for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count XL.

1. The plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, repeats and reavers all of the allegations contained in Paragraphs One through Eight of Count XXXIX above, as if expressly rewritten and set forth herein.

2. This action is brought to recover for the conscious pain and suffering of the decedent, Melissa Allen.

3. As the direct and proximate result of the defendant, Rebecca Gabryjelski, R.N.'s failure to inform the plaintiff's decedent of the alternatives to and risks and potential consequences of the defendant's treatment, the decedent, Melissa Allen, was caused to suffer consciously up to and until her time of death.

WHEREFORE, the plaintiff, Brad O'Brien, as duly appointed Personal Representative of the Estate of Melissa Allen, prays judgment against the defendant, Rebecca Gabryjelski, R.N., in an amount to be determined by a jury, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By his attorneys,

ANDREW C. MEYER, JR., BBO#: 344300
ADAM R. SATIN, BBO# 633069
LYNN I. HU, BBO# 690823
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447