## United States District Court
## District of Massachusetts

```
─────────────────────────────
                              )
Brad O'Brien, Personal        )
Representative of the Estate of )
Melissa Allen,                )
                              )
        Plaintiff,            )
                              )        Civil Action No.
        v.                    )        21-10621-NMG
                              )
Lowell General Hospital, et al., )
                              )
        Defendants.           )
                              )
─────────────────────────────
```

### MEMORANDUM & ORDER

**Gorton, J.**

This action arises out of the death of Melissa Allen ("Allen" or "the decedent") in August, 2016, after having received treatment from Fernando Roca, M.D. ("Dr. Roca"), in July, 2016, at Lowell General Hospital ("the Hospital"). Pending before the Court is the motion of defendant the United States to dismiss the complaint filed by plaintiff Brad O'Brien, the personal representative of the estate of the decedent ("the plaintiff"). For the reasons that follow, that motion will be allowed.

## I.  Background

On July, 26, 2016, Allen was admitted to the Hospital after suffering multiple seizures at her home. Although Ms. Allen was

-1-

unaware of the fact, she was found to be pregnant and was treated at the Hospital by the attending obstetrician, Dr. Roca. After delivering a child, Allen was transported to Tufts Medical Center in Boston, where she died 11 days later, on August 6, 2016, as a result of medical complications related to her pregnancy.

On June 20, 2019, the plaintiff filed suit in the Massachusetts Superior Court for Middlesex County against Dr. Roca and several other Hospital employees alleging, <u>inter alia</u>, negligence in their treatment of Allen.  On April 14, 2021, the government removed that action to this Court pursuant to 42 U.S.C. § 233(c), and, on the same day, noticed the substitution of itself for Dr. Roca.  Shortly thereafter, it moved to dismiss counts one through eight of the complaint for lack of subject matter jurisdiction and for failure to state a claim.

II.  <u>**Motion to Dismiss**</u>

   A. **Legal Standard**

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. <u>Lujan</u> v. <u>Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992). Jurisdiction to sue the United States must be found in an

express Congressional waiver of immunity or consent to be sued, and, in general, statutes waiving sovereign immunity should be strictly construed. <u>Murphy</u> v. <u>United States</u>, 45 F.3d 520, 522 (1st Cir. 1995), <u>see</u> <u>United States</u> v. <u>White Mountain Apache Tribe</u>, 573 U.S. 465, 472 (2003).  Unless a suit against the government falls within the terms of a waiver, jurisdiction cannot be maintained. <u>White Mountain</u>, 537 U.S. at 472.  For the purpose of determining its jurisdiction, a court may look to supplemental materials in addition to pleadings. <u>McIntyre</u> v. <u>United States</u>, 367 F.3d 38, 42 (1st Cir. 2004).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to

judicial notice. <u>Haley</u> v. <u>City of Boston</u>, 657 F.3d 39, 46 (1st
Cir. 2011).  A court also may not disregard properly pled
factual allegations even if actual proof of those facts is
improbable. <u>Ocasio-Hernandez</u>, 640 F.3d at 12.  Rather, the
relevant inquiry focuses on the reasonableness of the inference
of liability that the plaintiff is asking the court to draw.
<u>Id.</u> at 13.

### B. Application

The government contends that the plaintiff's claims against
it do not fall within the limited waiver of sovereign immunity
effected by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b),
2671-80 ("the FTCA"), and therefore this Court lacks subject
matter jurisdiction over them.  Further, the government submits
that, because the statute of limitations on the plaintiff's
claims has run, his complaint fails to state a claim upon which
relief can be granted.

The plaintiff rejoins that at the time of the actions
giving rise to the suit, Dr. Roca was not a federal employee but
rather a "borrowed servant" of a private, non-governmental
entity, namely the Hospital.  Because Dr. Roca was not a
governmental employee, plaintiff argues, he need not seek relief
under the FTCA and the sovereign immunity of the United States

is no obstacle to his claims.[1]  In the alternative, the plaintiff
asserts that if Dr. Roca is deemed to have been a federal
employee at the relevant time, the facts as pled warrant the
equitable tolling of the statute of limitations.  Finally,
plaintiff contends that the interests of judicial economy
disfavor dismissal because the savings provision of 28 U.S.C. §
2679(d)(5) would allow the plaintiff to pursue his claim even if
the present action were dismissed.

The Court will first address the plaintiff's contention
that the government was not properly substituted for Dr. Roca
and then his arguments with respect to equitable tolling and the
savings provision of § 2679(d)(5).

> **i.   The Substitution of the United States for Dr.
>        Roca as Party Defendant Under 28 U.S.C. §
>        2679(d)(1)**

The plaintiff asserts that the substitution under 28 U.S.C.
§ 2679(d)(1) of the United States for Dr. Roca as party
defendant was improper because Dr. Roca was acting as a borrowed
servant, not a federal employee, at the time of the alleged

---

[1] Plaintiff does not purport to maintain a suit against the
United States.  Rather, he seeks to recover against Dr. Roca,
which would require the re-substitution of Dr. Roca as
defendant.  See Gutierez de Martinez v. Lamagno, 515 U.S. 417,
434-35 (1995).

malpractice.  The government maintains that Dr. Roca was acting within the scope of his federal employment.

Although the § 2679(d)(1) substitution determination is made in the first instance by the Attorney General, it is "provisional and subject to judicial review." Gutierrez de Martinez, 515 U.S. at 434.  A plaintiff who disputes the Attorney General's certification bears the burden of proof. Davric Me. Corp. v. United States Postal Serv., 238 F.3d 58, 66 (1st Cir. 2001).

Substitution of the United States for an employee of the government is proper if that employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679(c),(d).  Whether an employee was acting "within the scope of his office or employment" is determined by reference to state law. Davric, 238 F.3d at 65.  Massachusetts law provides that an act is within the scope of one's employment if 1) it is of the kind he is employed to perform, 2) occurs substantially within the authorized time and space limits and 3) is motivated at least in part by a purpose to serve the employer. Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991) (quoting Wang Laboratories, Inc. v. Business Incentives, Inc., 501 N.E.2d 1163, 1166 (Mass. 1986)).  The scope of employment test determines, in substance,

-6-

whether an act is "the kind of thing that in a general way
employees of this kind do in employment of this kind."
Burroughs v. Commonwealth, 673 N.E.2d 1217, 1219 (Mass. 1996).
The test does not construe the scope of employment
restrictively. Commonwealth v. Jerez, 457 N.E.2d 1105, 1108
(Mass. 1983).

Dr. Roca acted within the scope of his federal employment
at the time of the events giving rise to the instant claim. As
a condition of his contract with his employer, Lowell Community
Health Center ("the Health Center"), a federally funded
facility, Dr. Roca was required to maintain privileges at the
Hospital and to provide care in emergency situations, i.e. to
provide the care at issue here. His actions were taken pursuant
to his contractual obligations and were meant to serve his
employer. Therefore, Dr. Roca's treatment of decedent was an
act within the scope of his employment by the Health Center and
the United States was properly substituted as the party
defendant.

The plaintiff fails to allege facts that would conjure a
contrary conclusion. Rather, he contends that when treating the
decedent Dr. Roca was acting as a borrowed servant and not as a
federal employee, thus suggesting that the substitution of the
United States for Dr. Roca under § 2679(d)(1) was improper.

The plaintiff's argument misses the mark.  Whether an employee is a "borrowed servant" matters only insofar as it may indicate that he was or was not acting within the scope of his federal employment. See 28 U.S.C. § 2679(d)(1).  It does not resolve or determine the substitution issue. See id.  The Massachusetts Supreme Judicial Court has suggested, albeit in dicta, that actions of a borrowed servant are not necessarily beyond the scope of the servant's employment, see Hohenleiter v. Quorum Health Res., 758 N.E.2d 616, 625 n.8 (Mass. 2001) (citing Restatement (Second) of Agency § 226 (1958)), and the lenient test for whether an act was performed within the scope of employment reinforces that understanding, see Kelly, 924 F.2d at 357.

Although not germane to Massachusetts agency law, the federal courts of appeals that have addressed borrowed servants in the context of § 2679(d)(1) have also rejected the notion that borrowed servants may not act within the scope of their federal employment for purposes of that statute. See Sutton v. Dorman, 176 Fed. App'x 580, 582 (5th Cir. 2006) (holding that under Texas law, a physician could be a borrowed servant yet still act within the scope of his federal employment) (citing Palmer v. Flaggman, 83 F.3d 196, 204-05 (5th Cir. 1996)); Carpenter v. Laxton, 1996 WL 499099 at *3 (6th Cir. Sept. 3,

1996) (explaining that "the two concepts—scope of employment and borrowed servant—are not mutually exclusive"); <u>Ward</u> v. <u>Gordon</u>, 999 F.2 1399, 1403 (9th Cir. 1993) (explaining that the district court erred when it concluded that defendant "necessarily exceeded the scope of his employment with the government . . . . by acting as the [private] [h]ospital's servant"). Because neither § 2679 nor Massachusetts law precludes a borrowed servant from acting within the scope of his or her federal employment, the Court finds it unnecessary to consider the plaintiff's argument further.

### ii.  Exhaustion and Timeliness

Federal law requires that a plaintiff who seeks to bring a tort claim against the United States first exhaust his or her administrative remedies. 28 U.S.C. § 2675(a).  Administrative exhaustion is a prerequisite to suit that cannot be waived. <u>Gonzalez</u> v. <u>United States</u>, 284 F.3d 281, 288 (1st Cir. 2002). Only upon denial of a claim by the appropriate administrative agency is that claim deemed exhausted and amenable to review by the federal courts. 28 U.S.C. § 2675(a).  Because the Court has concluded that, in this case, the United States was properly substituted for Dr. Roca, the plaintiff must administratively exhaust his claim against the government before he may engage it in federal court.

Exhaustion of a tort claim against the federal government is subject to time limits specified by 28 U.S.C. § 2401(b). That statute requires such a tort claim to be presented to the appropriate federal agency within two years of its accrual. 28 U.S.C. § 2401(b).  That, too, is a prerequisite to suit, although the deadline for presentment to a federal agency may be equitably tolled. United States v. Kwai Fun Wong, 575 U.S. 402, 412 (2015).

Plaintiff does not dispute his failure to present a claim to any federal agency.  It is also undisputed that more than two years has elapsed since the date of the alleged injury, although the plaintiff argues that his claim only accrued later. Plaintiff's claims therefore will be dismissed.

It remains for the Court to determine, however, whether to dismiss them on exhaustion or untimeliness grounds.  Faced with a similar choice in Sanchez v. United States, the First Circuit explained that "[l]ittle commends" the piecemeal approach that results from dismissal of an FTCA claim on exhaustion grounds, as a plaintiff with an unexhausted claim then must return to the agency (and, thereafter, to federal court) to litigate a § 2679(d)(5) timeliness issue. 740 F.3d 47, 50 (1st Cir. 2014). While the intervening decision of the Supreme Court in Kwai Fun Wong established that § 2401(b)'s time bar was not

jurisdictional, 575 U.S. at 420, this Court nevertheless possesses leeway to choose among threshold grounds for denying audience to a case on the merits, Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 431, see also Sanchez, 740 F.3d at 51.  Accordingly, the Court will dismiss the plaintiff's claims on timeliness grounds.

If, after dismissal, the plaintiff were to present his claims to a federal agency, they would be untimely and § 2679(d)(5) would not save them from the two-year statute of limitations in § 2401(b).  Section 2679(d)(5) provides that when a claim against the United States is dismissed for failure to exhaust administrative remedies, and is subsequently presented to a federal agency, it will be deemed timely filed only if it would have been timely on the date the dismissed action was commenced. 28 U.S.C. § 2679(d)(5).  Here, the state court action was commenced on June 20, 2019, more than two years after the treatment provided to decedent by Dr. Roca.  An administrative action filed on that date would not have been timely, and thus § 2679(d)(5) does not save the claims from the statute of limitations set forth in § 2401(b).

Endeavoring to avoid the time bar of § 2401(b), the plaintiff asserts that the claim did not accrue at the time of the alleged injury but rather at the date of his retention of

-11-

counsel.  Because he did not retain counsel until September 6, 2017, the plaintiff argues that his claim was timely for the purposes of §§ 2401(b) and 2679(d)(5).  The government disagrees and contends that a tort claim accrues at the time of injury where, as here, the factual basis was then known.

Tort claims, as a general rule, accrue at the time of the plaintiff's injury. Gonzalez, 284 F.3d at 288 (citing United States v. Kubrick, 444 U.S. 111, 122 (1979)).  Where the factual basis for a cause of action is "inherently unknowable", however, the claim accrues when the plaintiff discovers it, or in the exercise of reasonable diligence should have. Id.  The factual basis of a cause of action is inherently unknowable if it is incapable of detection by the wronged party through the exercise of reasonable diligence. Id. at 289.  This exception is known as the "discovery rule". Id. at 288.

The discovery rule does not apply to the injuries here at issue.  The Supreme Court has declined to extend the exception to injured parties who know 1) that they have been injured and 2) who inflicted the injury. Kubrick, 444 U.S. at 122.  The plaintiff may not have been aware that he had a legal claim until he retained counsel in September, 2017, but that is not the question. See id. at 123 (stating that Congress did not intend that "accrual" of a claim "must await awareness by the

-12-

plaintiff that his injury was negligently inflicted"). Rather, the factual basis for the instant claim, i.e. the injury and the identity of Dr. Roca, were known to him by August, 2016, at the latest.

Finally, the Court addresses plaintiff's request for equitable tolling. While the discovery rule governs when the limitations clock begins to run, equitable tolling halts its running. Rakes v. United States, 442 F.3d 7, 24 (1st Cir. 2006). Equitable tolling is available to a party who has pursued their rights diligently but through some extraordinary circumstance has been prevented from meeting a deadline. Kwai Fun Wong, 575 U.S. at 408. Here, the plaintiff contends that he is entitled to equitable tolling because he did not know, nor could have known, that Dr. Roca was a federal employee.

The plaintiff's argument is unavailing. The First Circuit has held that reasonable diligence is a sine qua non for obtaining equitable tolling, Sanchez, 740 F.3d at 55, and that plaintiffs' counsel must inquire into whether any of the possible defendants in a medical malpractice action such as this one were federal employees, id, Gonzalez at 291-92. Counsel did not inquire but argues that his failure to do so should be excused because, unlike Gonzalez and Sanchez, the only treatment the decedent received from Dr. Roca was at the Hospital, a

-13-

private entity, and not the federally-funded Health Center.  On
the facts of this case, the Court finds the difference to be
immaterial.  The First Circuit has held that an obligation to
investigate exists even where the doctor may not appear at first
blush to be a federal employee. <u>Sanchez</u>, 740 F.3d at 55.  As in
<u>Sanchez</u>, no precedent allows for the dispensation requested. <u>Id</u>.
at 57.

## ORDER

For the foregoing reasons, defendant's motion to dismiss
the complaint as to the United States (Docket No. 6) is **ALLOWED.**

**So ordered.**

  /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 3, 2021