```
                  United States District Court
                    District of Massachusetts
  ┌─────────────────────────────────┐
                                    )
  Brad O'Brien, Personal            )
  Representative of the Estate of   )
  Melissa Allen,                    )
                                    )
          Plaintiff,                )
                                    )   Civil Action No.
          v.                        )   21-10621-NMG
                                    )
  Lowell General Hospital, et al.,  )
                                    )
          Defendants.               )
                                    )
  └─────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**Gorton, J.**

This wrongful death action arises out of treatment received by Melissa Allen ("Allen" or "the decedent") from Fernando Roca, M.D. ("Dr. Roca"), in July, 2016, at Lowell General Hospital ("the Hospital"). Just under three years later, plaintiff Brad O'Brien ("O'Brien" or "plaintiff") sued Dr. Roca, Lowell General Hospital ("the Hospital") and other medical staff in Massachusetts state court.

In April, 2021, defendants removed the action to federal court and noticed the substitution of the government for Dr. Roca pursuant to 28 U.S.C. § 2679(d). The government's motion to dismiss the claims against it was allowed in November, 2021. For purposes of appeal, plaintiff then moved for a separate and final judgment on the claims against the government pursuant to

-1-

Fed. R. Civ. P. 54(b) which the Court allowed by margin endorsement.  The First Circuit Court of Appeals ("the First Circuit") has remanded the case for a statement of reasons for entry of judgment which this Court now provides.

When an action includes multiple claims or parties, Rule 54(b) permits the Court to enter a final judgment as to fewer than all claims or parties only if it determines that there is "no just reason for delay." Fed. R. Civ. P. 54(b).  In making such a determination, the Court examines

> any interrelationship or overlap among the various legal and factual issues involved [and] any equities and efficiencies implicated by the requested piecemeal review.

State Street Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir. 1996).  The First Circuit has stated that Rule 54(b) certification should be used sparingly. Nystedt v. Nigro, 700 F.3d 25, 29 (1st Cir. 2012).

The November, 2021, judgment is final because it disposed completely of all claims against the government. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994).  The Court also concludes that there is no just reason for delay under the circumstances of this case.  The dismissal of the claims against the government is based upon two holdings: first, that Dr. Roca was acting within the scope of his federal employment, regardless of whether he may also have been a "borrowed servant" of the Hospital, making substitution of the

government proper under 28 U.S.C. § 2679(d), and second, that the claims against the government were untimely under the Federal Tort Claims Act.  The allegations against the remaining defendants (who are not federal employees) are distinct from the narrow legal issues upon which the Court relied to dismiss the claims against the government.  The Court is sensitive to the "prudential policy against the scattershot disposition of litigation" but concludes that this case warrants entry of separate and final judgment as to the government. Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988).

## ORDER

In compliance with the Order of the First Circuit Court of Appeals dated March 16, 2022, (Docket No. 24) the foregoing statement of reasons is hereby entered in support of the Court's Separate and Final Judgment entered February 9, 2022.

**So ordered.**

                                         /s/ Nathaniel M. Gorton
                                         Nathaniel M. Gorton
                                         United States District Judge

Dated March 23, 2022