United States District Court

District of Massachusetts

| | |
|---|---|
| **BRAD O'BRIEN**, *as personal representative of the Estate of Melissa Allen*, )<br><br>)<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**LOWELL GENERAL HOSPITAL et al.,** )<br>)<br>**Defendants.** ) | Civil Action No.<br>21-10621-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This action was filed after the death of Melissa Allen ("Allen") in August, 2016, that allegedly resulted from her treatment by Dr. Fernando Roca ("Dr. Roca") in July, 2016 at Lowell General Hospital ("the Hospital") in Massachusetts. Pending before the Court is 1) a motion by defendant, the United States ("the government"), to reinstate this Court's prior decision granting dismissal or, alternatively, to dismiss for failure to state a claim, and 2) a motion by plaintiff Brad O'Brien ("O'Brien" or "the plaintiff") for reconsideration of this Court's March 1, 2024 order. For the following reasons, the motion to reinstate will be allowed and the motion for reconsideration will be denied.

- 1 -

I.    <u>**Factual and Procedural Background**</u>

In 2016, Allen was admitted to the Hospital after suffering multiple seizures at her residence.  Although Allen was unaware of the fact, she was found to be pregnant at the time and was treated at the Hospital by the attending obstetrician, Dr. Roca. After delivering her child, Allen was transported to Tufts Medical Center in Boston where she died 11 days later from medical complications related to her pregnancy.

In June, 2019, plaintiff filed suit in the Massachusetts Superior Court for Middlesex County against Dr. Roca and several other Hospital employees alleging, <u>inter alia</u>, negligence in their treatment of Allen.  In 2021, the government removed that action to this Court pursuant to 42 U.S.C. § 233(c) and noticed the substitution of the government for Dr. Roca on the same day. Shortly thereafter, the government moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim.  This Court allowed that motion, holding that under the Federal Employees Liability Reform and Tort Compensation Act ("the Westfall Act"), the government was properly substituted for Dr. Roca and that, accordingly, plaintiff's claims were time-barred by the two-year limitations period under the Federal Tort Claims Act ("the FTCA").

Plaintiff appealed the decision to the First Circuit Court of Appeals in 2022.  On appeal, the government disavowed its

prior reliance on the Westfall Act and urged the First Circuit to affirm on a new basis, namely, that substitution was proper under the Public Health Service Act ("PHSA").  The First Circuit held that there was an insufficient evidentiary record to determine, on this new basis, whether the government's reason for substitution was proper and vacated and remanded the case to this Court.  See O'Brien v. United States, 56 F.4th 139 (1st Cir. 2022).

On remand in March, 2024, after consideration of comprehensive briefs submitted by the parties, this Court held that Dr. Roca was properly deemed a Public Health Service employee and allowed the government's motion to substitute as defendant.  Now, the government moves to reinstate this Court's 2021 order of dismissal and, alternatively, seeks to renew its motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  Plaintiff objects to such reinstatement and moves for reconsideration in light of the Supreme Court's intervening decision in Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244, 2247 (2024).  Given the high degree of inter-relatedness between the issues raised in these motions, the Court will address them together.

### III. <u>Motion to Dismiss and Motion for Reconsideration</u>

#### A. Legal Standard

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. <u>Lujan</u> v. <u>Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992). Jurisdiction to sue the United States must be found in an express Congressional waiver of immunity and, in general, such statutes are strictly construed. <u>Murphy</u> v. <u>United States</u>, 45 F.3d 520, 522 (1st Cir. 1995). Unless a suit falls within the terms of a waiver, jurisdiction cannot be maintained. <u>United States</u> v. <u>White Mountain Apache Tribe</u>, 573 U.S. 465, 472 (2003).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a party's complaint must contain sufficient factual allegations to state a claim for relief that is actionable as a matter of law and is "plausible on its face." <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Ocasio-Hernandez</u> v. <u>Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

Under Fed. R. Civ. P. 59, a motion to alter or amend a judgment may be granted under Rule 59 only if the movant demonstrates that an intervening change in controlling law, a clear legal error, or newly discovered evidence warrants modification of the judgment. In re Genzyme Corp. Sec. Litig., 754 F.3d 31, 46 (1st Cir. 2014) (citing Fed. R. Civ. P. 59).

**B. Analysis**

Plaintiff raises three arguments in opposition to the government's motion to reinstate the Court's prior dismissal: 1) that plaintiff's claim is not time-barred by the two-year statute of limitations under the FTCA, 2) that he was entitled additional time to exhaust administrative remedies under the Westfall Act's savings provision, and 3) that the government was improperly substituted as defendant in place of Dr. Roca. Plaintiff's arguments are necessarily rejected at the outset because they challenge the law of the case that the Court may not reconsider.

The well-established law of the case doctrine forecloses the Court from reopening consideration of legal conclusions that were reached in an earlier stage of litigation, absent reversal of those conclusions by an appellate court. See Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002). The First Circuit has identified this rule as a "prudential principle" that seeks

to avoid "relitigation" of matters. United States v. Vigneau, 337 F.3d 62, 67-68 (1st Cir. 2003).  There are only three narrow exceptions to the law of the case doctrine, which arise in "exceptional circumstances": 1) where "controlling legal authority has changed dramatically," 2) where a party "proffers significant new evidence" that was "not earlier obtainable," or 3) where the Court committed a "blatant error" in its prior decision that will result in a "serious injustice." Id. at 68.

### 1.  Previous Law of the Case

Plaintiff's arguments were all previously litigated and decided by this Court in this case. Namely, the Court decided in its 2021 dismissal order that the accrual of plaintiff's claim coincided with the date of Allen's injury on July 26, 2016, and that plaintiff did not file the underlying action until more than two years after the date of accrual, on June 20, 2019.  As explained, the FTCA requires a plaintiff first to present his claim to an appropriate federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a).  A tort claim typically accrues at the time of injury.  McIntyre v. United States, 367 F.3d 38, 51 (1st Cir. 2004).  Under the discovery rule exception, however, a claim only accrues when the plaintiff "knows both the existence and the cause of his injury." Id. at

51 (citing <u>United States</u> v. <u>Kubrick</u>, 444 U.S. 111 (1979)).  The
Court previously held that plaintiff's claim here was untimely,

> Plaintiff does not dispute his failure to present a claim
> to any federal agency.  It is also undisputed that more
> than two years has elapsed since the date of the alleged
> injury . . . . The discovery rule does not apply to the
> injuries here at issue . . . . Rather, the factual basis
> for the instant claim, i.e. the injury and the identity of
> Dr. Roca, were known to him by August, 2016, at the latest.

<u>O'Brien</u> v. <u>Lowell Gen. Hosp.</u>, No. CV 21-10621-NMG, 2021 WL
5111857, at *3 (D. Mass. Nov. 3, 2021).  Similarly, the Court
determined in 2021 that plaintiff cannot rely on the savings
provision of the Westfall Act to make his claim timely.  The
Westfall Act provides an exception to the FTCA's two-year
limitations period.  28 U.S.C. § 2679(d)(5).  Under its savings
provision, an otherwise untimely claim can survive if,

> [T]he claim is presented to the appropriate Federal agency
> within 60 days after dismissal [and] the claim would have
> been timely had it been filed on the date the underlying
> civil action was commenced.

<u>Id</u>.  But on these facts, the Court held that the subject
provision does not apply,

> [T]he state court action was commenced on June 20, 2019,
> more than two years after the treatment provided to
> decedent by Dr. Roca.  An administrative action filed on
> that date would not have been timely, and thus § 2679(d)(5)
> [of the Westfall Act] does not save the claims from the
> statute of limitations set forth [in FTCA] in § 2401(b).

<u>O'Brien</u>, 2021 WL 5111857, at *4.  Finally, the Court determined
in March, 2024, after a remand from the First Circuit, and
further briefing by the parties, that the government was

properly substituted for Dr. Roca as a defendant in this case.
Employees of the Public Health Service ("PHS") are protected
from liability under the Public Health Services Act ("PHSA"),
which requires removal to federal court upon the Attorney
General's certification that the PHS employee acted within the
scope of his or her employment. 42 U.S.C. § 233(c).  Once in
federal court, the government is substituted as the defendant
and an action under the FTCA becomes the exclusive remedy. 42
U.S.C. § 233(a), (c).  As this Court found before, in compliance
with instructions from the First Circuit on remand, the
government was properly substituted as defendant in this matter,

> [T]he government has proffered sufficient documentation
> that Dr. Roca provided services to the decedent as required
> under his employment contract with LCHC . . . . [T]he
> government provide[d] documentary evidence that Dr. Roca
> was required by his employment contract to participate in
> the departmental call schedule for LCHC patients . . . .
> Accordingly, the medical service Dr. Roca provided to
> [Allen] was within the scope of his employment . . . .

O'Brien v. Roca, No. CV 21-10621-NMG, 2024 WL 899153, at *2-*3
(D. Mass. Mar. 1, 2024).

## 2. Plaintiff's Opposition to Reinstatement

Plaintiff's arguments in opposition to reinstatement of
dismissal offer no compelling reason for the Court to alter its
earlier decision.  As a threshold matter, none of the three
holdings plaintiff attempts to relitigate was abrogated on
appeal.  Instead, the First Circuit left undisturbed the Court's

decision in its 2021 order regarding the applicability of the two-year statute of limitations in the FTCA and the inapplicability of the savings provision in the Westfall Act. See O'Brien, 56 F.4th at 145 (recognizing that this Court's prior decision "found the plaintiff's claims to be time-barred" without further comment). The First Circuit remanded for the sole purpose of having the Court determine whether the government was properly substituted as a defendant. See id. at 141, 152. This Court has now concluded that the government was properly substituted and that decision has not been addressed in any intervening appeal. See O'Brien v. Roca, 2024 WL 899153, at *2-*3; cf. Ellis, 313 F.3d at 646 (indicating that law of case doctrine does not apply if legal conclusion is later "corrected by an appellate tribunal").

Furthermore, plaintiff asserts only two changes of circumstance that have arisen since this Court's prior order of dismissal, neither of which warrant the Court's reconsideration thereof. Cf. Vigneau, 337 F.3d at 67-68 (stating exceptions to law of case doctrine). First, plaintiff claims that, since the Court's prior order, he has presented his claim to an appropriate federal agency. As previously determined and reiterated above, however, plaintiff filed his suit more than two years after the underlying injury accrued. As such, the presentment of his claim to an administrative agency within 60

days of dismissal would not have been "timely" even if it had been presented on the date that this civil action was filed. See 28 U.S.C. § 2679(d)(5)(A).

Plaintiff also argues in his motion for reconsideration that the question of whether the government was properly substituted as a defendant in place of Dr. Roca must now be revisited in light of the Supreme Court's intervening decision in Loper, which overturned Chevron deference on which this Court relied in its prior order.  See O'Brien, 2024 WL 899153, at *3 (citing Chevron, U.S.A. Inc. v. Nat'l Res. Def. Council Inc., 467 U.S. 837, 104 (1984)).  Although an "intervening change in controlling law" can be grounds for reconsideration, it is incumbent upon the moving party to show not only a change in the law but also that such change "warrants modification of the judgment."  In re Genzyme Corp. Sec. Litig., 754 F.3d at 46 (citing Fed. R. Civ. P. 59).

Here, plaintiff has failed to demonstrate that the demise of the so-called Chevron deference would alter this Court's prior judgment in any way. Under the previous Chevron framework, courts granted "controlling weight" to an agency's statutory interpretation of a statute if the Court found that statute ambiguous.  Flock v. U.S. Dep't of Transp., 840 F.3d 49, 54 (1st Cir. 2016) (quoting Chevron, 467 U.S. at 843-44).  As plaintiff correctly identifies, under the new regime, that is no longer

the case. See Loper, 144 S. Ct. at 2247 ("Chevron is overruled."). Now, courts must "exercise their independent judgment in deciding whether an agency has acted within its statutory authority." Loper, 144 S. Ct. at 2273.

A single sentence in Loper intimates that its abrogation of Chevron "do[es] not call into question prior cases that relied on the Chevron framework." 144 S. Ct. at 2273. While the First Circuit has yet to interpret the meaning of this directive, the one circuit that has (the Sixth Circuit) relied on it to reject a post-Loper challenge to a prior decision that applied Chevron. See Tennessee v. Becerra, No. 24-5220, 2024 WL 3934560, at *7 (6th Cir. Aug. 26, 2024) ("[W]hile Loper . . . opens the door to new challenges based on new agency actions interpreting statutes, it forecloses new challenges based on specific agency actions that were already resolved via Chevron deference analysis."). Given the lack of guidance from the First Circuit, this Court declines to rest its decision solely on those grounds.

In light of the foregoing change in the law, however, plaintiff offers the Court no reason why the outcome of its prior decision, based on the specific statute and regulation at issue in this case, would differ after Loper. This Court asserted in its prior order that it was not required to proceed to Chevron step two, and that it was only under the second step

of Chevron that courts defer to agencies. Chevron, 467 U.S. at

842-43.  As described in Loper,

> Chevron . . . require[d] courts to use a two-step framework
> to interpret statutes administered by federal agencies . .
> . . [A] reviewing court . . . first assess[ed] whether
> Congress has directly spoken to the precise question at
> issue. If . . . congressional intent is "clear," that is
> the end of the inquiry. But if the court determines that
> "the statute is silent or ambiguous with respect to the
> specific issue" at hand, the court must, at Chevron's
> second step, defer to the agency's interpretation if it
> [was] based on a permissible construction of the statute.

Loper, 144 S. Ct. at 2254.  Loper only proscribes courts from

deferring to an agency's interpretation of a statute that is

ambiguous.

Effectively, Loper overrules what had in common parlance

been called "Chevron step two": that courts should defer to an

agency's interpretation of ambiguous statutes. See Gordon v.

Johnson, 991 F. Supp. 2d 258, 267 (D. Mass. 2013), aff'd sub

nom. Castaneda v. Souza, 810 F.3d 15 (1st Cir. 2015).  Loper

does not, of course, prevent a court from interpreting a statute

of its own accord, what had been called "Chevron step one." See

Gordon, 991 F. Supp. 2d at 263; accord Strickland v. Comm'r,

Maine Dep't of Hum. Servs., 48 F.3d 12, 16 (1st Cir. 1995) ("In

performing the first part of a Chevron analysis, no deference is

due. Instead, courts must look primarily to the plain meaning of

the statute . . . as well as the language and design of the

statute." (quotations omitted)).  Because this Court reached its

prior decision under the first step of Chevron, applying its own interpretation of the statute without reaching the deferential inquiry at step two, the Court concludes that the intervening Loper decision has no impact on the prior result. Cf. Loper, 144 S. Ct. at 2273 ("[W]hen a . . . statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation.").

In the absence of any reason to reconsider its previous conclusion that 1) plaintiff's claim is untimely under the FTCA, 2) the savings provision of the Westfall Act does not save his claim, and 3) the government was properly substituted as a defendant, the Court is compelled to reaffirm its previous findings.  See In re New Eng. Compounding Pharmacy, Inc., Prod. Liab. Litig., No. CIV.A. 13-02419-RWZ, 2014 WL 2040139, at *7 (D. Mass. May 15, 2014) (declining to reconsider issue because "[t]he court ha[d] already decided the issue" and therefore "that decision stands as the law of the case"); see also Figueroa v. United States, No. CRIM. 06-40007-FDS, 2013 WL 4010550, at *6 (D. Mass. Aug. 2, 2013) (denying motion to reconsider after finding "no reason to alter" prior order). Dismissal is warranted now for the same reasons that it was warranted in 2021.  See O'Brien, 2024 WL 899153, at *3 (accepting substitution of defendant); O'Brien, 2021 WL 5111857, at *3 (granting motion to dismiss).  Any other decision would

amount to an impermissible relitigation of issues already decided.  See <u>Vigneau</u>, 337 F.3d at 67-68 (expressing desire to avoid "relitigation").

ORDER

For the foregoing reasons, the motion of defendant, the United States, to reinstate this Court's previous order of dismissal is **ALLOWED,** and the motion of plaintiff, Brad O'Brien, to reconsider this Court's previous decision to allow the government to substitute itself as defendant is **DENIED.**
**So ordered.**

/s/ Nathaniel M. Gorton
_____
Nathaniel M. Gorton
United States District Judge

Dated:  September 6, 2024